J-A08011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMEER JACKSON | : | |
| | : | |
| Appellant | : | No. 1340 EDA 2020 |

Appeal from the PCRA Order Entered July 7, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007838-2016

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 29, 2021**

Ameer Jackson appeals from the order entered in the Philadelphia County Court of Common Pleas on July 7, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. Jackson argues the PCRA court erred in declining to hold an evidentiary hearing on his claims of ineffective assistance of trial counsel. After careful review, we affirm.

We previously summarized the factual and procedural history on direct appeal:

> On January 7, 2016, Officer Charles Kapusniak of the Narcotics Field Unit was conducting surveillance on controlled drug buys with the use of a confidential informant (CI). On that day, Officer Kapusniak, along with members of his "squad[,]" gave the CI $20 prerecorded buy money and sent the CI to the intersection of 2200

_____

[*] Former Justice specially assigned to the Superior Court.

Fitzwater where Officer Kapusniak had set up surveillance. There, Officer Kapusniak observed the CI approach [Jackson],[] engage him in a brief conversation and then hand[] him [the] prerecorded buy money in exchange for small items. The CI also received a phone number. Following this exchange, the CI met with another police officer, Officer Burada, and the CI gave him red packets, each containing an off-white chunky substance of alleged crack cocaine.

On January 15, 2016, a call was made to the number the CI was given and the male voice on the other end instructed the CI to meet at a predetermined location. Officer Kapusniak went to the designated area and set up surveillance. There, he observed [Jackson] exit a home, meet with the CI, and accept US currency and prerecorded buy money in exchange for [] small red items. These two red packets contained an off-white chunky substance of alleged crack cocaine.

On March 22, 2016, the same CI was utilized once again. The CI, in the presence of Officer Kapusniak, dialed the phone number previously given, and had a drug[-]related conversation with a male voice in reference to purchasing crack cocaine. Once again, the CI was given a designated location to meet, and Officer Kapusniak set up surveillance. There, Officer Kapusniak observed the CI approach [Jackson]. After a brief conversation, the CI handed [Jackson] the prerecorded buy money in exchange for small items, which [Jackson] removed from the front of his pants. The CI returned back to [the police] and turned over two green[-]tinted packets each containing an off-white chunky substance, allege[dly] crack cocaine. A fourth controlled buy occurred on March 30, 2016 using a different CI. Similarly, in exchange for prerecorded buy money, the CI received two green tinted packets. On that day, and each of the aforementioned days, Officer Kapusniak performed a [Narcotics Field Drug Test Kit] on the substance, which tested positive for cocaine base.

On April 1, 2016, Officer Kapusniak and members of his squad executed [a] search warrant at a home on Kemball Street. Officer Burada arrested [Jackson], who was sleeping in the bedroom. In that bedroom, officers recovered a cell phone, which rang when the number the CI had provided to Officer Kapusniak was dialed, a scale, and three baggies, which contained blue, yellow[,] and green tinted packets, all new [and] unused.[]

> Following his arrest, [Jackson] was charged with the aforementioned crimes. After an on-the-record colloquy, [Jackson] proceeded to a non-jury trial. After testimony from Officer Kapusniak and [Jackson],[] the trial court found [Jackson] guilty on all counts charged. That same day, [Jackson] was sentenced to three years' probation. No post-sentence motions were filed.

*Commonwealth v. Jackson*, 84 EDA 2017, at 1-4 (Pa. Super. filed 10/31/2018) (citations and internal quotation marks omitted).

After filing a timely notice of appeal, trial counsel sought and was granted leave to withdraw as counsel. Appellate counsel was appointed and later filed an *Anders*[1] brief and a petition to withdraw. After review, we agreed there were no non-frivolous issues preserved for appeal, and affirmed Jackson's judgment of sentence. *See Commonwealth v. Jackson*, 84 EDA 2017 (Pa. Super. filed 10/31/2018) (unpublished memorandum). While his direct appeal was pending in this Court, Jackson's probation was revoked and he was re-sentenced to three additional years of probation. Jackson did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 4, 2019, Jackson filed a *pro se* PCRA petition arguing his constitutional rights were violated because he was not given the right to face his accuser, specifically the CI.[2] Counsel was appointed and filed an amended petition, raising multiple claims of ineffective assistance of trial counsel. In

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] On February 15, 2019, Jackson's probation was again revoked and he was re-sentenced to an additional three years of probation.

response, the Commonwealth filed a motion to dismiss, arguing that Jackson's claims lacked merit.

The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving no response from Jackson, the PCRA court issued an order dismissing the petition. This appeal followed.

On appeal, Jackson presents two questions for our review:

1. Whether the [c]ourt erred in denying [Jackson]'s PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition.

2. Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective.

Appellant's Brief, at 8.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record" *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, "[t]he PCRA court may dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post conviction collateral relief, and no legitimate purpose would be served by any further proceedings." *Commonwealth v. Johnson,* 139 A.3d 1257, 1273 (Pa. 2016) (citation and

internal quotation mark omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

In his amended PCRA petition, Jackson alleged that trial counsel was ineffective for failing to (1) file a motion to suppress evidence found during Jackson's arrest, (2) file a motion to reveal the identity of the CI, (3) file a motion that the verdict was against the weight of the evidence, and (4) call alibi witnesses to testify. His amended petition included a memorandum of law in support of his petition. ***See*** Amended PCRA Petition, 8/12/2019, at 5-21. Further, Jackson attached a letter from himself, and three affidavits from his mother, sister, and girlfriend, all of whom he claims are alibi witnesses. ***See id***. at Appendix A.

All four of Jackson's claims raised allegations of ineffectiveness of counsel. As such, he was required to plead and prove:

> ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

- 5 -

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 321-22 (Pa. 2007) (citation omitted). Thus, we may deny any ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Id*. at 321 (citation omitted).

> To avoid such a result, counsel must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. However, [t]he controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition.

*Commonwealth v. Stanley*, 632 A.2d 871, 872 (Pa. 1993) (internal citations and quotation marks omitted). Jackson was required to set forth an offer of facts supporting his claims in his petition, as an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Jones*, 811 A.2d 994, 1003 n. 8 (Pa. 2002) (citation omitted).

The first claim in Jackson's petition was that trial counsel was ineffective for failing to file a motion to suppress evidence found during Jackson's arrest.

He asserts that no warrant was presented at trial and argues that no warrant existed. In the alternative, he asserts that even if there was a warrant, the entry into the house was illegal. Specifically, he claims "the police never knocked to announce their presence, nor did they furnish a warrant upon entry; instead they simply kicked the door in." Amended PCRA Petition, at 13.

Jackson's entire argument in this regard is that if trial counsel had filed a motion to suppress, "the suppression hearing would have provided an opportunity to delve deeper into the specific actions taken by police during the arrest." *Id*. at 14. He further claims that if he had been successful at the suppression hearing, the case would have been dismissed altogether. *Id*.

We agree with the Commonwealth that Jackson failed to establish that he suffered prejudice from counsel's failure to file the suppression motion. Even if we assume that the evidence seized at Jackson's home would have been suppressed, Jackson wholly failed to allege or argue how this suppression would have affected the verdict. As the Commonwealth notes, the suppression of the physical evidence seized at Jackson's home would not have affected any of the testimony or evidence of the four separate drug sales observed by officers. Jackson's failure to address how the suppression of the fruits of the search would have changed the verdict is fatal to his claim on appeal. The PCRA court did not err in dismissing Jackson's first claim of trial counsel ineffectiveness without a hearing.

The second claim of trial counsel ineffectiveness in Jackson's amended petition was that trial counsel was ineffective for failing to file a motion to disclose the identity of the CI. Specifically, Jackson argues that if trial counsel had filed a motion to reveal the CI, it would have been granted, and the CI would have been present at trial to testify regarding the evidence against Jackson. He claims the CI's testimony would have changed the outcome of the trial.

Jackson was not automatically entitled to the identity of the CI:

The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a [CI]'s identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

In striking the proper balance, the court must consider the following principles:

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

[N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance

> renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

***Commonwealth v. Watson***, 69 A.3d 605, 607-608 (Pa. Super. 2013) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court we conclude that Jackson's claim of trial counsel ineffectiveness based on the identity of the CI is without merit. The PCRA court opinion properly addresses Jackson's claim, and we adopt it as our own. ***See*** PCRA Court Opinion, 7/22/2020, at 7-10 (concluding Jackson failed to present any evidence, or even a reasonable probability, that the CI could have provided specific, exculpatory testimony helpful to Jackson's case; concluding Jackson's argument that the CI was the only disinterested witness to the transactions does not tip the balance in his favor because this one factor is not determinative of whether a CI's identity should be revealed; stating the court would not have rendered a different verdict even if a motion to ascertain the CI's identity had been filed and granted because there was sufficient evidence presented, including that officers involved in the drug investigation observed Jackson engaged in multiple drug transactions and evidence was recovered, including a cell phone and drug paraphernalia connection Jackson to the crimes charged).

We agree that Jackson's allegations in his petition provided no basis for the PCRA court to conclude that the CI's identity would help Jackson in his defense. Jackson's apparent defense was that he was misidentified. However, Jackson's guilt was not simply based on the CI's identification of him, nor was it based on a single officer's identification of a single controlled buy. Rather, the police here conducted several carefully controlled buys where they searched the CI immediately prior to each and had the CI under observation the entire time. Further, multiple police officers, including Officer Kapusniak, who testified at trial, directly observed the actual transfer of drugs from Jackson to the CI during every interaction. After each encounter, the CI proceeded directly back to the police and handed over drugs. Jackson failed to allege how questioning the CI would have bolstered Jackson's defense of misidentification. Given these circumstances, the PCRA court did not err in denying relief based on Jackson's second claim of trial counsel ineffectiveness without a hearing.

Next, Jackson argues trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, and consequently waiving the claim for appellate review.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court we conclude that Jackson's third claim of trial counsel ineffectiveness is without merit. The PCRA court opinion properly addresses Jackson's claim, and we adopt it as our

own. *See* PCRA Court Opinion, 7/22/2020, at 10-12 (finding the court did not err in denying relief on this claim because even if a motion preserving the weight claim had been filed, the court would have denied it and not granted a new trial; finding the guilty verdicts do not shock the conscience because the court credited the evidence presented that Jackson engaged in several drug transactions and police recovered evidence connecting Jackson to the illegal drug activity, and found Jackson's self-serving testimony lacked credibility).

Accordingly, the PCRA court did not err in denying relief on Jackson's third claim of trial counsel ineffectiveness without a hearing.

In the fourth and final issue raised in his amended petition, Jackson claims trial counsel was ineffective for failing to call certain alibi witnesses at trial. Specifically, Jackson claims trial counsel should have called his mother, his sister, and his girlfriend.

When a defendant claims counsel was ineffective based upon trial counsel's failure to call a witness, he is entitled to relief only if he proves all of the following: (a) the witnesses existed, (b) the witnesses were available, (c) counsel was informed of or should have known of the witnesses, (d) the witnesses were willing to cooperate and testify for the defendant at trial, and (e) how the absence of the witnesses' testimony prejudiced the defendant, in that it denied him a fair trial. *Commonwealth v. Miller*, 868 A.2d 578, 581–582 (Pa. Super. 2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court we conclude that Jackson's final claim of trial counsel ineffectiveness is without merit. The PCRA court opinion properly addresses Jackson's claim, and we adopt it as our own. *See* PCRA Court Opinion, 7/22/2020, at 12-15 (first, concluding Jackson failed to present sufficient facts and information in the affidavits attached to his amended petition, as two of them simply stated Jackson was not in the city when the crimes were committed and did not identify what city he was not in, where he actually was, or set forth specific dates or times; finding the third affidavit lacked specific detail, as it simply stated Jackson was in Reading, Pennsylvania but contained no other details establishing an alibi, and additionally contradicted Jackson's trial testimony in which he stated he was in Scranton, Pennsylvania on one of the dates in question; second, concluding the court would not have rendered a different verdict even if the alibi witnesses had testified because the Commonwealth's testimony proved beyond a reasonable doubt that Jackson was the person who engaged in the transactions with the CI; third, concluding any potential helpful testimony from the alibi witnesses would have been compromised due to their close relationship with Jackson which would affect a finding of credibility; and finally concluding trial counsel was not ineffective for failing to call the three alibi witnesses because any testimony from them would have merely been cumulative of Jackson's trial testimony).

Accordingly, the PCRA court did not err in dismissing Jackson's final claim of trial counsel ineffectiveness without a hearing.

As none of the claims in Jackson's amended petition alleged sufficient facts to justify a hearing, the PCRA court did not err in dismissing the petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2021

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : |
| vs. | : NO.: CP-51-CR-0007838-2016 |
| | : |
| AMEER JACKSON, | : |
| | : |

## OPINION

### PROCEDURAL HISTORY

Appellant, Ameer Jackson, has appealed from the July 7, 2020, order issued by this Court dismissing his petition filed under the Post-Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S. § 9541 *et seq.* It is respectfully suggested that the order be affirmed.

In the fall of 2016, Appellant appeared before this Court for a waiver trial at the conclusion of which this Court found appellant guilty of possession with the intent to deliver a controlled substance (PWID), criminal use of a communication device, possession of a controlled substance, and possession of drug paraphernalia. On December 8, 2016, this Court imposed an aggregate sentence of three years' probation on appellant.

Following the imposition of sentence, Appellant filed a direct appeal to the Superior Court. On October 31, 2018, the Superior Court affirmed the judgment of sentence. Commonwealth v. Jackson, 200 A.2d 615 (Pa. Super. 2018) (Table). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court from the Superior Court's order.

1

On January 4, 2019, Appellant filed a *pro se* PCRA petition, his first, pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* (herein after "PCRA"). Counsel was appointed to represent him and on August 12, 2019, counsel filed an amended petition. On February 19, 2020, this Court having carefully reviewed the entire record, sent appellant a Pa.R.Crim.P 907 Notice of Intent to Dismiss. On July 7, 2020, this issued an order denying appellant PCRA relief after again carefully reviewing the record. Appellant filed a notice of appeal from that order. Appellant did not file a response to the 907 Notice.

## FACTUAL HISTORY

The charges appellant was convicted of committing arose out of a drug investigation that took place in the winter and early spring of 2016. During the investigation, police employed a confidential informant to purchase drugs in the area of the 2200 block of Fitzwater Street. During the investigation, the informant thrice purchased drugs from appellant. Based on those sales, police obtained a warrant for a residence connected to appellant and the prior drug sales. The execution of that warrant resulted in the seizure of drug related paraphernalia and appellant's arrest. He was in a second floor bedroom asleep when police entered the residence.[1]

## DISCUSSION

In his amended PCRA petition, appellant raised four claims that accused his trial counsel of providing him with ineffective assistance of counsel. He alleged that trial counsel was ineffective for failing to: 1.) file a motion to suppress evidence; 2.) file a motion to reveal the identity of a confidential informant; 3.) file a post-sentence motion

---

[1] For a more detailed recitation of the facts please see the memorandum issued by the Superior Court on October 31, 2018.

2

raising a weight of the evidence claim; and 4.) call an alibi witness in his defense. None of these claims have arguable merit for various reasons set forth below.

The scope of review when examining a PCRA court's denial of a PCRA petition is limited to a determination of whether the court's findings are supported by the record and otherwise free of legal error. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super. 2007). A PCRA courts findings will not be disturbed unless there is not any support for the findings in the record. Commonwealth v. Spencer, 892 A.2d 840, 841 (Pa. Super. 2006).

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

3

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if

4

the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

As noted above, appellant's first claim alleged that trial counsel provided him with ineffective assistance of counsel because he did not file a motion to suppress physical evidence. According to appellant, counsel should have filed a suppression motion because the police entered appellant's residence to serve a search warrant without knocking and announcing and they did not provide a copy of the warrant. He argued that had counsel filed and litigated a suppression motion he could have investigated the

5

actions taken by the police while executing the warrant. He summed up his claim as follows:

> "[Trial counsel] filed a motion to suppress, the suppression hearing would have provided an opportunity to delve deeper into the specific actions taken by police during the arrest, If Petitioner won, [sic] his suppression hearing the case would have been dismissed altogether."

Appellant's PCRA petition, p. 14.

Counsel cannot be considered ineffective for declining to file a motion to suppress if such a motion has no arguable merit. Commonwealth v. Wayne, 720 A.2d 456, 470 (Pa. 1998). To prevail on a claim such as this, a defendant must also establish "that there was no reasonable basis for not pursing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable." Commonwealth v. Watley, 153 A.3d 1034, 1044 (Pa. Super. 2014).

A review of appellant's amended petition indicates that he failed to provide sufficient legal or factual support for this claim including that a suppression motion had any merit. Instead, he merely relied both on boilerplate law and the above conclusion regarding the effect the grant of a motion to suppress would have had on the prosecution. This was fatal to his claim because a bald, undeveloped allegation of ineffectiveness is inadequate to entitle a petitioner to PCRA relief. See, e.g., Commonwealth v. Paddy, 15 A.3d 431, 433 (Pa. 2011) ("boilerplate allegations and bald assertions of no reasonable basis... cannot satisfy a petitioner's burden"); Commonwealth v. Jones, 811 A.2d 994, 1003 (Pa. 2002) (affirming dismissal of PCRA petition where Jones "submit[ted] that counsel did not have a reasonable strategic basis," but failed to develop that claim) (internal quotation marks omitted).

6

Although appellant attached a letter written by appellant and three affidavits to his amended petition that were provided by his mother, sister, and girlfriend, respectively, in arguing this claim, he made no reference to any of these documents in his amended petition addressing this claim. See Appellant's Amended Petition, Appendix A. Even had he done so, the contents of the letter and affidavits would not have succeeded in proving that the instant claim entitled him to relief because they contained no detail and consisted solely of conclusory statements.

Next, in his letter, a copy of which was attached to his amended petition, appellant states that the police did not knock and kicked in the door to the residence. This fails to support his claim because appellant was sleeping on the second floor of the residence when the police entered the residence according to testimony he gave during his trial. (N.T. 12/8/16, 19-20).

The affidavits provided by appellant's wife and sister also were bereft of facts and merely stated in conclusory fashion that the police did not act legally in executing the warrant. They did not provide the level of support necessary to make out a valid PCRA claim and thus, this Court did not err by denying relief on this claim and accordingly, it is respectfully suggested that the denial of relief on this claim be affirmed.

Second, appellant argued in his amended PCRA petition that trial counsel's failure to file and litigate a motion to reveal the identification of the confidential informants used by police during their investigation. Appellant claims that because the informants actively participated in the sale of the drugs counsel should have sought to have their identities revealed to ascertain whether they could have contradicted or undermined the testimony provided by the police. See Appellant's Amended Petition, 17.

7

According to appellant, "where the only disinterested witness available who could contradict the police officer's testimony is a confidential informant, the defense should have had the opportunity to examine and question what the informant witnessed." See Appellant's Amended Petition, 17. This Court properly denied relief with respect to this claim for the following reasons.

This Court denied relief on this claim because it clearly lacked merit. Where, as here, the identity of an informant is being sought for the purpose of attacking the credibility of a police officer a defendant must demonstrate 1) a good faith basis for believing the officer willfully misrepresented the existence of the informant or the information conveyed by the informant; 2) without the information from the informant, no probable cause existed; and 3) production of the informant is the only means of substantiating his claim. Commonwealth v. Bonasorte, 486 A.2d 1361 1373-1374 (Pa. Super. 1984). Only then should the lower court conduct a balancing the interests of the parties. Id., at 1374. See, e.g., Commonwealth v. Rodriguez, 674 A.2d 225 (Pa. 1996) (under both confidential informant privilege and surveillance site privilege, initial burden rests on defense to demonstrate "specific claim of necessity" for disclosure before Commonwealth must demonstrate competing need, and before court must balance relative interests); Commonwealth v. Belenky, 777 A.2d 483, 488 (Pa. Super. 2001). (court has no duty to balance competing interests where defense does not sustain threshold burden of demonstrating that disclosure is reasonable and material to planned defense). Thus, a defendant must first make a "substantial preliminary showing" of potential falsity. Commonwealth v. Miller, 518 A.2d 1187, 1194 Pa. 1986).

The question of whether an informant's identity should be disclosed does not even arise unless and until a defendant demonstrates to a court's satisfaction that he has a legitimate need for disclosure, *i.e.,* that the informant actually possesses relevant information that will materially aid in presenting a planned defense, and that the information is not obtainable from another source. See Commonwealth v. Herron, 380 A.2d 1228, 1230 (Pa. 1977) (accused seeking disclosure of informant's identity must first demonstrate compelling need for disclosure; "[m]ore is necessary than a mere assertion by the defendant that such disclosure might be helpful in establishing a particular defense"). See also Commonwealth v. Hritz, 663 A.2d 775, 780 (Pa. Super. 1995) (defendant seeking disclosure of informant's identity has burden to show that disclosure would be helpful and his offer of proof must be specific and concrete); Commonwealth v. Eicher, 605 A.2d 337, 348 (Pa. Super. 1992) (absent concrete showing "other than his own self-serving allegations" to establish need for disclosure a court need not order the disclosure of informant's identity); Commonwealth v. Mickens, 597 A.2d 1196 (Pa. Super. 1991) (same).

Here, other than baldly claiming that counsel should have sought the identity of the informant because the informant was the only disinterested witness in the drug transactions police testified about at trial that appellant engaged in, appellant did not present any evidence or even a reasonable probability that the informant could have provided specific, exculpatory testimony helpful to his case. See Commonwealth v. Washington, 63 A.3d 797, 801 (Pa. Super. 2013) (internal citations omitted) (reiterating the principle that a defendant must "demonstrate at least a reasonable possibility the informant's testimony would exonerate him"). As noted above, the failure to present such

9

evidence is fatal to a claim such as the instant one. Commonwealth v. Withrow, 932 A.2d 138, 141 (Pa. Super. 2007) (citations omitted) (finding that the defendant did not provide any evidence that the confidential informant might exonerate him). See also Commonwealth v. Belenky, 777 A.2d 483, 488 (Pa. Super. 2001).

Next, appellant's sole argument that counsel should have sought the identity of the informant because the informant was the only disinterested witness in the transactions does not tip the balance in his favor. Appellant's argument reflects a misinterpretation of Commonwealth v. Carter, 233 A.2d 284, 287 (Pa. 1967). In Commonwealth v. Marsh, 997 A.2d 318, 322, 323 (Pa.2010), the Supreme Court indicated that no one factor, including the claim appellant made here, is determinative of whether the identity of a informant should be revealed. The Marsh Court found no merit to the argument appellant presented to this Court.

Finally, given that the officers involved in the drug investigation observed appellant engaged in several drug transactions and also recovered evidence, including a cell phone and drug paraphernalia connecting appellant to illicit drug dealing, even had trial counsel filed a motion to ascertain the identity of the informant and had it granted, this Court would have not rendered a different verdict. The evidence presented by the Commonwealth was more than sufficient to find appellant guilty beyond a reasonable doubt and any contradictory testimony presented by an informant would have been deemed not credible.

Accordingly, it is respectfully suggested that the denial of relief on this claim be affirmed.

10

Third, appellant sought PCRA relief on a claim accusing trial counsel of providing him with ineffective assistance of counsel because he did not file a post-sentence motion challenging the verdicts on weight of the evidence grounds thereby waiving the claim for appellate review. Appellant asserted that the claim was meritorious because the Commonwealth presented a single witness and this Court ignored his testimony that he was not in Philadelphia when the transactions were committed, he never went by the nickname "Wink", and a cell phone number the Commonwealth connected to him was not his number. See Appellant's Amended Petition, 18. This Court did not err by denying relief with respect to the claim because even had counsel filed a post-sentence motion raising a weight of the evidence claim, this Court would have denied it.

The standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a

11

new trial is imperative so that right may be given another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004).

Applying the foregoing to the instant matter shows that the verdict did not shock the conscience and thus, had a motion preserving the weight claim been filed, it would have been denied; appellant would not have been granted a new trial. The evidence believed by this Court showed that appellant engaged in several drug transactions essentially in the same area and that police recovered evidence connecting appellant to illegal drug activity. Moreover, this Court deemed appellant's self-serving testimony to be wholly lacking in credibility. Therefore, the guilty verdicts do not shock the conscience and this Court did not err by denying relief on this claim.

Finally, appellant lastly contended in his PCRA petition that trial counsel should have called his girlfriend, mother, and sister as alibi witnesses and that the failure to do so violated his right to the effective assistance of counsel. In support of this claim appellant attached as Appendix A a letter ostensibly written by appellant wherein he baldly stated

12

that he was at his girlfriend's house that was located in another county "on the day the detective alleges I was seen performing an illegal transaction." Appellant also attached in Appendix A an affidavits from his sister and mother wherein they both identically averred that if called as witnesses they would have testified that appellant "was not in the city on the dates that the police said he committed the offense." as well as a letter from his girlfriend who averred, "I would have testified that Ameer Jackson was not in the city on the dates that the police said he committed the offense. He was with me in Reading, PA." Based on the lack of specificity in the affidavits and the fact that appellant gave testimony during the trial that contradicted the contents of his girlfriend's affidavit, this Court properly denied relief with respect to this claim.[2]

To succeed on his claim that trial counsel provided ineffective assistance by failing to present the testimony of alleged witnesses, a defendant is required to demonstrate that: (1) the witness existed; (2) the witness were available to testify; (3) counsel knew of or should have known of the witness' existence; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial that it denied him a fair trial. Commonwealth v. Brown, 18 A.3d 1147, 1160 (Pa. Super. 2011).

Here, this Court denied relief with respect to this claim first because appellant failed to present sufficient facts and information in the affidavits. Two of them merely stated that appellant was not in the city when the crimes were committed. They did not identify where appellant was or what city appellant was out of or set forth specific dates and times.

---

[2] Appellant claimed that he was with the mother of his other child on March 30, 2016 in Scranton, but his girlfriend's affidavit stated that he was in Reading on all relevant dates.

13

The third affidavit sworn to by his girlfriend also lacked sufficient detail. Other than saying that appellant was in Reading, Pennsylvania, it contained no other details establishing a valid alibi. In addition, this affidavit contradicted appellant's trial testimony that on one of the days a transaction occurred he was in Scranton, Pennsylvania. As noted above, PCRA claims are not self-proving and the failure of a PCRA petitioner to present sufficient evidence to sustain his or her claims renders them meritless.

Second, this Court denied relief on this claim because even had the alibi witnesses testified, this Court sitting as fact-finder, would not have rendered a different verdict. The testimony presented by the Commonwealth proved beyond a reasonable doubt that appellant was the person who engaged in the transactions with the informant. See Commonwealth v. Phillips, 601 A.2d 816, 824-25 (Pa. Super. 1992) (due to the overwhelming evidence presented against him at trial, appellant could not have been prejudiced by counsel's failure to present witnesses who would have presented an alibi for him), aff'd, 633 A.2d 604 (Pa. 1993); Commonwealth v. Davis, 554 A.2d 104,112 (Pa. Super. 1989(counsel was not ineffective for failing to present an alibi witness where "even if the evidence had been presented, there is no reasonable likelihood that the verdict would have been more favorable to appellant").

Third, given that the sources of the proposed alibi testimony were closely related to appellant said testimony would not have been helpful to appellant's defense. Any potentially helpful testimony from the three named witnesses would have been compromised by their natural and obvious bias in favor of appellant. See Commonwealth v. Hoffman, 589 A.2d 737, 746 (Pa. Super. 1991) ("it is unlikely that the testimony of

14

[the proposed witness] would have been helpful to appellant's case, as the credibility of this witness would be seriously questioned by a jury due to the nature of the relationship between appellant and the witness); Commonwealth v. Davis, 554 A.2d at 111-12 (even unimpeached, evidence from appellant's proposed witness would have been of limited value given the witness's relationship to appellant).

Finally, this Court denied relief on this claim because the testimony of the three alleged alibi witnesses would have been cumulative of appellant's trial testimony. The law is clear that counsel is not ineffective for failing to present testimony that would be merely cumulative of trial testimony. See Commonwealth v. Neal, 713 A.2d 657, 663 (Pa. Super. 1998) (indicating that counsel was not ineffective for not calling a witness who would have "done little more than corroborate" defendant's testimony); Commonwealth v. Whyatt, 476 A.2d 374 (Pa. Super. 1984) (because uncalled alibi witnesses would have merely presented testimony cumulative of other testimony, trial counsel had a reasonable basis not to call witness).

Accordingly, for all of the foregoing reasons, the denial of appellant's fourth PCRA claim should be affirmed.

## CONCLUSION

Based on the foregoing, the conclusion that appellant was not entitled to PCRA relief should be affirmed.

By the Court,

DATE: 7/22/10

Honorable Jeffrey P. Minehart

15

## CERTIFICATION OF SERVICE

I, Stacy Bauer, secretary to the Honorable Jeffrey P. Minehart hereby certifies that

on the _22nd_ day of July, 2020, by first class mail, postage prepaid, a true and correct

copy of the attached opinion was served upon the following:

Peter Levin, Esquire
1927 Hamilton Street
Philadelphia, PA 19130

Lawrence J. Goode, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

Stacy Bauer
Stacy Bauer

16